UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RED OAK TIMBER COMPANY, L.L.C. * | |
| * | CIVIL ACTION NO.:  5:12-cv-00340 |
| VERSUS * | |
| * | |
| FAE USA, INC., PRIMETECH S.P.A., * | JUDGE MAURICE HICKS |
| AND W.L. DOGGETT, L.L.C. d/b/a * | |
| DOGGETT MACHINERY SERVICES * | MAGISTRATE JUDGE MARK HORNSBY |
| * | |
| * | JURY DEMAND |
| * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | |

## ANSWER

DEFENDANT, W.L. DOGGETT, L.L.C. D/B/A DOGGETT MACHINERY SERVICES (hereinafter "Doggett Machinery"), responds to the Petition for Redhibition and Damages ("Complaint") filed by Red Oak Timber Company, L.L.C. ("Plaintiff") as follows:

1.

In response to the allegations of Paragraph 1, Doggett Machinery states that it is a non-Louisiana limited liability company, which may be served through its registered agent for service of process. The remaining allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief therein, except to admit that FAE USA, Inc. and PrimeTech SPA are also completely diverse from Plaintiff for purposes of removal.

2.

The allegations of Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph 3, as written, are denied at this time for lack of sufficient information to justify a belief therein.

4.

The allegations of Paragraph 4, as written, are denied at this time for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5, as written, are denied at this time for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 6, including all subparts, are denied.

7.

The allegations of Paragraph 7 are denied.

8.

The allegations of Paragraph 8 are denied.

9.

The allegations of Paragraph 9 are denied.

10.

The allegations of Paragraph 10 are denied.

11.

The allegations of Paragraph 11 are denied.

12.

The allegations of Paragraph 12 are denied.

13.

The allegations of Paragraph 13 are denied.

14.

Paragraph 14 states a legal conclusion, which requires no response from Doggett Machinery. However, to the extent that an answer may be required, the allegations of Paragraph 14 are denied.

15.

Paragraph 15 states a legal conclusion, which requires no response from Doggett Machinery. However, to the extent that an answer may be required, the allegations of Paragraph 15 are denied.

16.

Paragraph 16 states a legal conclusion, which requires no response from Doggett Machinery. However, to the extent that an answer may be required, the allegations of Paragraph 16 are denied.

17.

Paragraph 17 states a legal conclusion, which requires no response from Doggett Machinery. However, to the extent that an answer may be required, the allegations of Paragraph 17 are denied.

18.

Paragraph 18 states a legal conclusion, which requires no response from Doggett Machinery. However, to the extent that an answer may be required, the allegations of Paragraph 18 are denied.

19.

The allegations of Paragraph 19 are denied.

20.

The allegations of Paragraph 20 are denied.

21.

The allegations of Paragraph 21 are denied.

22.

The remaining paragraphs of the Complaint constitute a prayer for relief to which no response is required from Doggett Machinery. However, to the extent that a response may be required, the allegation of these paragraphs are denied.

23.

Doggett Machinery denies all allegations of the Complaint not previously admitted, qualified or denied.

24.

Doggett Machinery requests a trial by jury.

AND NOW FURTHER answering Plaintiff's Complaint, Defendant Doggett Machinery affirmatively avers as follows:

FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted against Doggett Machinery.

SECOND AFFIRMATIVE DEFENSE

Doggett Machinery did not design or manufacture the mulchers at issue.

## THIRD AFFIRMATIVE DEFENSE

Doggett Machinery did not issue warranties, express or otherwise, covering the mulchers at issue.

## FOURTH AFFIRMATIVE DEFENSE

The damages of which Plaintiff complains were caused by the fault of a party or non-party, or parties or non-parties, for whom Doggett Machinery is not responsible. Doggett Machinery specifically pleads the doctrine of comparative fault as serving to bar or reduce any recovery to which Plaintiff may otherwise be entitled.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to maintain the mulchers in question and/or utilize the mulchers in question for the purposes for which they were designed and sold.

## SEVENTH AFFIRMATIVE DEFENSE

Doggett Machinery denies that the mulchers at issue were redhibitorily defective, and submits that the mulchers were free of redhibitory defects and reasonably fit for their ordinary and intended use.

## EIGHTH AFFIRMATIVE DEFENSE

Any defects presently alleged to exist in the mulchers at issue occurred not through fault on the part of Doggett Machinery, but rather as the result of abuse, misuse, improper maintenance, and/or other acts by Plaintiff and/or persons and/or entities for whom Doggett Machinery is not responsible.

NINTH AFFIRMATIVE DEFENSE

In the event that the Court finds that Plaintiff has a cause of action against Doggett Machinery in redhibition, which Doggett Machinery expressly denies, then Doggett Machinery avers that it is entitled to a "credit for use" for any use made of the mulcher and/or fruits it yielded, and Doggett Machinery pleads the affirmative defenses of set off and/or compensation for use.

TENTH AFFIRMATIVE DEFENSE

In the alternative, Doggett Machinery states that any alleged defects, the existence of which is expressly denied, were ones that should have been discovered by a reasonably prudent buyer of such things.

ELEVENTH AFFIRMATIVE DEFENSE

Doggett Machinery alleges and avers that any alleged defects were not caused by Doggett Machinery, but were solely the result of an intervening or superseding cause or causes, unavoidable circumstances or conditions, or an act of God, for which Plaintiff can have no recovery.

TWELFTH AFFIRMATIVE DEFENSE

In the further alternative, Doggett Machinery avers that to the extent that the terms of any applicable warranty contract controls Plaintiff's claims, and to the extent that any such contract may call for arbitration or other methods to settle plaintiff's dispute, or may limit the damages and/or remedies available to plaintiff, the terms of that contract are controlling.

THIRTEENTH AFFIRMATIVE DEFENSE

Doggett Machinery hereby adopts and asserts, as if copied herein *in extenso* all defenses asserted by any other defendant in response to the Plaintiff's Complaint, to the extent they are not inconsistent with the affirmative defenses contained herein.

FOURTEENTH AFFIRMATIVE DEFENSE

Doggett Machinery reserves its right to amend and/or supplement this Answer and to assert any and all pertinent defenses ascertained through investigation and discovery in this action.

WHEREFORE, W.L. Doggett, L.L.C., d/b/a Doggett Machinery Services, prays that this Answer, Affirmative Defenses, and Jury Demand be deemed good and sufficient and after due proceedings are had, there by judgment herein, dismissing Plaintiff's claims against W.L. Doggett, L.L.C., d/b/a Doggett Machinery Services, with prejudice and at Plaintiff's costs, and for all such other general and equitable demand as the nature of the case may permit.

Respectfully Submitted,

/s/ *Cara E. Hall*
DEIRDRE C. McGLINCHEY, T.A. (24167)
dmcglinchey@mcglinchey.com
BRENT HICKS (23778)
bhicks@mcglinchey.com
CARA E. HALL (31378)
cehall@mcglinchey.com
McGlinchey Stafford, PLLC
1811 Tower Drive, Suite A
Monroe, Louisiana 71201
Telephone (318) 651-0807
Facsimile (318) 651-0809
ATTORNEYS FOR DEFENDANT,
W.L. DOGGETT, L.L.C. d/b/a DOGGETT
MACHINERY SERVICES

## CERTIFICATE OF SERVICE

In accordance with the Western District of Louisiana's electronic filing procedures, I hereby certify that on this 9th day of February, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to email notification and electronic service.  This document is available for viewing and downloading from the Court's ECF system.

/s/ *Deirdre C. McGlinchey*
DEIRDRE C. McGLINCHEY