UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RED OAK TIMBER COMPANY, L.L.C. | CIVIL ACTION NO.: 5:12-cv-00340 |
| VERSUS | |
| FAE USA, INC., PRIMETECH S.P.A., AND W.L. DOGGETT, L.L.C. d/b/a DOGGETT MACHINERY SERVICES | JUDGE MAURICE HICKS |
| | MAGISTRATE JUDGE MARK HORNSBY |
| | JURY DEMAND |

## CROSS-CLAIM

NOW INTO COURT, within the deadlines set in the Scheduling Order and through undersigned counsel, comes defendant, W.L. DOGGETT, L.L.C. D/B/A DOGGETT MACHINERY SERVICES (hereinafter "Doggett Machinery"), which in accordance with the Court's scheduling order of April 25, 2012, files this Cross-Claim, and respectfully asserts:

1.

Doggett Machinery is a Texas Limited Liability Company with no Louisiana Members.

2.

Doggett Machinery has been named a defendant in the above-captioned lawsuit, in which Red Oak Timber Company, L.L.C. ("Red Oak"), seeks a rescission of the sale of, or a reduction of the price of, three mulchers that Red Oak purchased from Doggett Machinery; Red Oak also seeks to recover interest, damages, and attorney fees.

3.

Doggett Machinery has answered Red Oak's lawsuit and has denied liability.

4.

Doggett Machinery has denied and continues to deny that the mulchers at issue in Red Oak's lawsuit are redhibitorily defective; however, in the event that the mulchers are found to be redhibitorily defective, Doggett Machinery is and was what Louisiana Civil Code article 2531 references as "a seller who did not know" that the mulchers that it sold to Red Oak "had a defect."

5.

Made defendants-in-cross-claim are:

(a) FAE Group S.p.A. ("FAE Group") (incorrectly named in Red Oak's "Petition for Redhibition and Damages" as "PrimeTech, S.P.A."), an Italian corporation that answered Red Oak's "Petition for Redhibition and Damages" on June 27, 2012, and that has therefore submitted to the personal jurisdiction of the Court;

(b) FAE USA, Inc. ("FAE"), a Georgia (U.S.A.) corporation that answered Red Oak's "Petition for Redhibition and Damages" on February 1, 2012, and that has therefore submitted to the personal jurisdiction of the Court.

6.

FAE Group manufactured the mulchers at issue in Red Oak's lawsuit.

7.

FAE USA was a distributor for FAE Group and distributed and/or sold the mulchers at issue in Red Oak's lawsuit to Doggett Machinery.

8.

Doggett Machinery has denied and continues to deny that the mulchers at issue in Red Oak's lawsuit are redhibitorily defective; however, in the event that the mulchers are found to be

redhibitorily defective, any redhibitory defect(s) that may be found to have existed in the mulchers at issue at the time of their sale by Doggett Machinery to Red Oak also existed at the time of the mulchers' manufacture by FAE Group and/or at the time of the mulchers' delivery to Doggett Machinery by FAE.

9.

In the event that Doggett Machinery is held liable to Red Oak for any redhibitory defect(s) that existed in the mulchers at the time of their sale by Doggett Machinery to Red Oak, then pursuant to Louisiana Civil Code article 2531, Doggett Machinery is entitled to recover from FAE Group "any loss" that Doggett Machinery "sustained because of the redhibition."

10.

In the event that Doggett Machinery is held liable to Red Oak for any redhibitory defect(s) that existed in the mulchers at the time of their sale by Doggett Machinery to Red Oak, then pursuant to Louisiana Civil Code article 2531, Doggett Machinery is entitled to recover from FAE "any loss" that Doggett Machinery "sustained because of the redhibition."

WHEREFORE Doggett Machinery prays that this "Cross-Claim" be deemed good and sufficient, and that in the event that Doggett Machinery is held liable to Red Oak for any redhibitory defect(s) that existed in the mulchers at the time of their sale by Doggett Machinery to Red Oak, judgment be entered in favor of Doggett Machinery and against FAE Group and/or FAE for "any loss" that Doggett Machinery "sustained because of the redhibition," including but not necessarily limited to any amounts for which Doggett Machinery is held liable to Red Oak as well as reasonable attorney fees and costs incurred by Doggett Machinery in defending itself against Red Oak's claim, and for all other such general and equitable relief as the nature of the case may allow.

Respectfully Submitted,

/s/ *Cara E. Hall*_____
DEIRDRE C. McGLINCHEY, T.A. (24167)
dmcglinchey@mcglinchey.com
BRENT HICKS (23778)
bhicks@mcglinchey.com
CARA E. HALL (31378)
cehall@mcglinchey.com
McGlinchey Stafford, PLLC
1811 Tower Drive, Suite A
Monroe, Louisiana 71201
Telephone (318) 651-0807
Facsimile (318) 651-0809
ATTORNEYS FOR DEFENDANT,
W.L. DOGGETT, L.L.C. d/b/a DOGGETT
MACHINERY SERVICES

### **CERTIFICATE OF SERVICE**

In accordance with the Western District of Louisiana's electronic filing procedures, I hereby certify that on this 22nd day of August, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to email notification and electronic service. This document is available for viewing and downloading from the Court's ECF system.

/s/ *Cara E. Hall*_____
CARA E. HALL