UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| RED OAK TIMBER COMPANY, LLC | ) | CASE NO. 5:12-CV- 00340 |
| | ) | |
| VERSUS | ) | JUDGE MAURICE HICKS |
| | ) | |
| FAE USA, INC., PRIMETECH, S.p.A., | ) | MAGISTRATE JUDGE HORNSBY |
| AND W.L. DOGGETT, LLC, d/b/a/ | ) | |
| DOGGETT MACHINERY SERVICES | ) | |

### FAE USA, INC. AND FAE GROUP, S.p.A.'S CROSS-CLAIM AGAINST W.L. DOGGETT, LLC, d/b/a DOGGETT MACHINERY SERVICES

COMES NOW FAE USA, Inc. ("FAE USA") and FAE Group, S.p.A. ("FAE Group"), Defendants in the above-styled action, and files this its Cross Claim against Defendant W.L. Doggett, LLC, d/b/a Doggett Machinery ("Doggett"), and show this Court as follows:

1.

Jurisdiction and venue are proper in this case as stated in the Notice of Removal filed with this Court. The Defendants are subject to the jurisdiction of the Court to the extent that the Court has jurisdiction over Plaintiff's claims and venue is proper as to the cross claims against these Defendants to the extent that venue is proper over Plaintiff's claims against all Defendants.

2.

Plaintiff alleges several claims against the Defendants in this action, all of which arise out of or are related to issues the Plaintiff had with three mulchers it purchased from Defendant Doggett. The mulchers at issue were manufacturered by FAE Group (who has been improperly named in this action as Primetech, S.p.A.), and were distributed by FAE USA.

3.

Plaintiff has asserted claims against Defendants for redhibition, reduction of the purchase price, breach of contract, breach of implied or express warranties, and negligent repairs.

4.

Plaintiff seeks to recover from the Defendants in this action by reduction of the purchase price of the mulchers, actual, consequential and incidental damages, damages for the loss of use of the mulchers while they were in the shop for repair, cost of repairs related to the defects, lost profits, and attorney's fees.

5.

Defendant Doggett was responsible for handling the repairs necessary to the mulchers when repairs were warranted and was responsible for repairing or arranging the repair of the mulchers in a timely and non-negligent manner.

6.

FAE USA and FAE Group show that any alleged defects in the machines in question were not present at the time they left the manufacturer's facility.

7.

FAE USA and FAE Group show that any alleged defects were not caused by this defendant, but were the result of actions of defendant in cross claim Doggett, third parties' actions and/or the result of the actions of the plaintiff or their agents or others acting on their behalf.

8.

Although FAE USA and FAE Group expressly deny the claims asserted against them in this action, in the event that Defendants are found liable for any damages owed to Plaintiff,

Defendant Doggett is at fault for some, if not all, of the claims made against FAE USA and FAE Group in this action.

9.

For example, FAE USA and FAE Group contend that Defendant Doggett is solely responsible for the negligent repairs, breach of contract, and breach of warranty claims asserted by Plaintiff in this action.

10.

As a result, to the extent that the Defendants are determined to be liable for the negligent repairs, breach of contract, and breach of warranty claims asserted in this action, Defendant Doggett, and not Defendants FAE USA and FAE Group, is liable for the damages associated with those claims (including a reduction of the purchase price of the mulchers, actual, consequential and incidental damages, damages for the loss of use of the mulchers while they were in the shop for repair, cost of repairs related to the defects, lost profits, and attorney's fees).

11.

The negligence or fault of Doggett, or any other party, serves to reduce any recovery herein from FAE USA and FAE Group in accordance with the comparative fault laws of the State of Louisiana.

12.

Defendants and plaintiffs in cross claim, FAE USA and FAE Group, deny that it is liable to the plaintiffs in the main demand. However, in the event the defendant is held liable to the plaintiffs on the main demand, it is entitled to a corresponding judgment against the defendant in cross claim, Doggett, for any loss that it has sustained because of the redhibition. The

defendants and plaintiffs in cross-claim plead the provisions of Louisiana Civil Code Article 2520, *et seq.,* as if specifically stated in their entirety herein.

13.

To the extent that Plaintiff recovers damages against FAE USA and/or FAE Group, FAE USA and FAE Group are entitled to recover over and against Defendant Doggett in cross claim for any such damages, including attorney's fees, legal interest, and all costs of these proceedings, including expert fees, under theories of contribution, indemnity, comparative fault and set off available under Louisiana law.

WHEREFORE, Defendants FAE USA and FAE Group pray as follows:

(a) That the Court grant judgment in favor of Defendants FAE USA and FAE Group and against Defendant Doggett on the cross claims;

(b) That FAE USA and FAE Group be indemnified by Defendant Doggett for any judgment Plaintiff may recover against Defendant FAE USA and FAE Group;

(c) That FAE USA and FAE Group receive contribution from Defendant Doggett from any judgment that Plaintiff may receive against FAE USA and FAE Group;

(d) That FAE USA and FAE Group receive from Defendant Doggett any and all damages owed to plaintiff and for all litigation expenses, including attorney fees, damages, judgments or settlements incurred by FAE USA and FAE Group in this litigation together with legal interest and all costs of these proceedings, including expert fees.

and

(e) That the Court grant such other relief as it deems just and proper under the circumstances.

This 29th day of August, 2012.

                    Respectfully submitted,

                    SWIFT, CURRIE, McGHEE & HIERS

                    /s/ Frederick O. Ferrand
                    Frederick O. Ferrand
                    Georgia Bar No. 259169
                    Kathleen A. Quirk
                    Georgia Bar No. 940400
                    **Attorneys for FAE USA, Inc.**

                    *and*

                    MAYER, SMITH & ROBERTS, L.L.P.

By:   /s/ Daniel J. Baker
       John C. Turnage    #14473
       Daniel J. Baker     #31612
       1550 Creswell
       Shreveport, LA 71101
       Phone: 318-222-2135
       Fax: 318-222-6420
       John@msrlaw.com
       Daniel@msrlaw.com
       **Attorneys for FAE USA, Inc.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system and has been sent to the following counsel of record:

Herschel E. Richard, Jr.
Cook, Yancey, King & Galloway
Post Office Box 22260
Shreveport, Louisiana 71120-2260


Deidre C. McGlinchey
McGlinchey Stafford, PLLC
1811 Tower Drive, Suite A
Monroe, Louisiana 71201-4964

by operation of the court's electronic filing system, e-mail, facsimile, or by placing same in the United States Mail properly addressed and with adequate postage prepaid thereon.

Shreveport, Caddo Parish, Louisiana, this 29th day of August, 2012.


/s/ Daniel J. Baker
OF COUNSEL