UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RED OAK TIMBER COMPANY, L.L.C. * | |
| * | CIVIL ACTION NO.:  5:12-cv-00340 |
| VERSUS * | |
| * | |
| FAE USA, INC., PRIMETECH S.P.A., * | JUDGE MAURICE HICKS |
| AND W.L. DOGGETT, L.L.C. d/b/a * | |
| DOGGETT MACHINERY SERVICES * | MAGISTRATE JUDGE MARK HORNSBY |
| * | |
| * | JURY DEMAND |
| * | |
| * * * * * * * * * * * * * * * * * * * * * * * | |

<u>REPLY TO
FAE'S "MEMORANDUM IN RESPONSE TO DEFENDANT W.L. DOGGETT D/B/A
DOGGETT MACHINERY SERVICES' MOTION TO DISMISS CROSS CLAIM"</u>

MAY IT PLEASE THE COURT:

The "Response" (Doc. 40) of FAE USA, Inc., and FAE Group, S.p.A.[1] (collectively, "FAE") to Doggett Machinery's "Motion to Dismiss Cross-Claim" (Doc. 38) offers no viable grounds for denying the motion. Doggett Machinery again requests that FAE's "cross-claim" be dismissed.

**I.   FAE cannot claim contribution or indemnity in connection with plaintiff's "negligent repair" claim.**

Although FAE asserts that its "Cross-Claims Against Doggett Related to Plaintiff's Negligent Repair Claim Should Stand," *see* FAE's memorandum at p. 4, heading "II," FAE actually offers no argument in support of this assertion. On the contrary, FAE actually admits that Louisiana Civil Code articles 2323 and 2324 apply to plaintiff's purported "negligent repair" claim and require an allocation of fault:  "the FAE entities agree that the defendants could be

---

[1]   Although FAE Group, S.p.A. characterizes itself  "as an unnamed party," *see* FAE's memorandum at p. 1, it has answered the lawsuit in its own name (Doc. 22), and it has joined in the cross-claim (Doc. 30), in which it refers to itself in its own name as a "Defendant."

found comparatively negligent for the repairs made to the machines." *See* FAE's memorandum at p. 4. FAE does not dispute that plaintiff's "negligent repair" claim is a tort claim. Nor can it dispute that the Louisiana Supreme Court has held unequivocally that with the 1996 enactment of Civil Code articles 2323 and 2324, "the right of contribution among solidary tortfeasors … disappeared." *Dumas v. State*, 828 So. 2d 530, 537-39 (La. 2002). And finally, FAE alleges neither any contract by which Doggett Machinery has obligated itself to indemnify FAE for FAE's own negligence, nor any scenario under which FAE could be vicariously or strictly liable for Doggett Machinery's own negligence.

FAE's real argument appears to be not that FAE could be entitled to contribution or indemnity in connection with plaintiff's "negligent repair" claim, but rather, that "other claims (i.e. breach of contract and breach of warranty claims) against the defendants in this case precludes [sic] a finding that the defendants cannot be solidarily liable for the damages sought by Plaintiff." *See* FAE's memorandum at p. 4. However, FAE's argument, that plaintiff's petition (Doc. 1-1) sets forth any "breach of contract" or "breach of warranty" claim that is independent of plaintiff's redhibition claim, lacks merit. Nothing in plaintiff's petition so much as suggests a "breach of contract" and/or "breach of warranty" claim independent from the redhibition claim that plaintiff's petition asserts specifically and by name.[2]

Contrary to what FAE suggests, it is not Doggett Machinery who is attempting to "redefine and reshape the allegations asserted by Plaintiff," *see* FAE's memorandum at p. 1, but FAE itself. Although *Stroderd* and *Hollybrook Cottonseed Processing*, the two cases on which FAE relies, suggest that freestanding "breach of contract" and/or "breach of warranty" claims may arise under Louisiana Civil Code articles 2524 and 2529, both of those articles apply only in

---

[2]   Nor, for that matter, does FAE explain how it could ever be liable for a "breach of contract" on the part of Doggett Machinery or a "breach of warranty" on the part of Doggett Machinery, even if this lawsuit did involve such claims independent of plaintiff's redhibition claim.

cases where a plaintiff is <u>not</u> alleging that a "thing" is defective.[3]  In this case, though, <u>every</u> complaintive allegation of plaintiff's petition avers that the mulchers had "defects" and/or were "defective":

- "Shortly after their purchase, the Mulchers exhibited electrical and operational *defects*…." Petition (Doc. 1-1) at paragraph 6.

- "Machine 10 required repairs and maintenance for numerous *defects*…." *Id.* at paragraph 7.

- "Machine 20 require repairs and maintenance for numerous *defects*…." *Id.* at paragraph 8.

- "Machine 60 required repairs and maintenance for numerous *defects*…." *Id.* at paragraph 9.

- "The *defects* rendered the Mulchers inoperable…." *Id.* at paragraph 10.

- "Red Oak provided … numerous opportunities to repair the *defective* Mulchers…." *Id.* at paragraph 11.

- "As a direct and proximate cause of the *defects*, Red Oak incurred extensive repair expenses and lost substantial business and profits." *Id.* at paragraph 12.

- "The *defects* rendered the Mulchers [sic] use so inconvenient that Red Oak would not have purchased the Mulchers…." *Id.* at paragraph 13.

Furthermore, paragraph 18 of the petition specifically cites Civil Code article 2520 and expressly alleges that "the defects … described meet the definition of a redhibitory defect as established in Louisiana Civil Code article 2520…."

Louisiana courts look to the allegations of the plaintiff's lawsuit to determine whether it truly presents a redhibition case or something else.  Thus in *Idacon, Inc. v. Arnold Construction Co.*, 537 So. 2d 1290 (La. App. 2d Cir. 1989), after determining that the plaintiff's petition

---

[3] The legislative comments following article 2524 explain that "[u]nder this Article, when the thing sold is not fit for its ordinary use, even though it is *free from redhibitory defects*, the buyer may seek dissolution of the sale and damages, or just damages, under the general rules of conventional obligations." (Emphasis added.)  Article 2529 expressly contemplates a case in the "thing" at issue is "itself *free from redhibitory defects*." (Emphasis added.)

alleged that plaintiff received a defective product, rather than a non-defective product that was nonetheless not what plaintiff contracted for, the court held that Civil Code 2524 was inapplicable. Similarly, in *Cunard Line Limited Co. v. Datrex*, 05-1171 (La. App. 3d Cir. 04/05/06), 926 So. 2d 109, 113-14, the court held that article 2324 "applies to a situation in which the cause of action is based, not on the defective nature of the thing at issue," and finding that the plaintiff's claim "is based on the allegedly defective nature" of the thing at issue, the court held that plaintiff's claim was indeed a redhibition claim only. The same reasoning as in *Idacon* and *Cunard* applies here: all of plaintiff's allegations charge that the mulchers were not only "defective," but "redhibitorily defective."

**II. FAE's claim against Doggett Machinery for contribution and/or indemnity in connection with plaintiff's redhibition claim is not now nor ever will be "appropriate."**

As FAE notes, a seller and a manufacturer may "under certain circumstances be solidary obligors" in redhibition, *see* FAE's memorandum at p. 6. Those "circumstances," however, are limited to cases in which a thing is redhibitorily defective at the time of its manufacture, for as the Louisiana Supreme Court has held, a manufacturer <u>cannot</u> be solidarily liable with a seller for defects that existed only at the time of sale:

> Under La. C.C. art. 2520, the seller warrants the product he sells to be free of redhibitory defects, and under La. C.C. art. 2531, the seller is liable to the buyer even for redhibitory defects he was not aware of, including those that were the fault of the manufacturer. In such a case, the seller is responsible for correcting the defect, or, if he is unable to do so, he must return the purchase price with interest, plus reimburse the buyer for his reasonable expenses; however, he has an action against the manufacturer for any defects which "existed at the time the thing was delivered by the manufacturer to the seller." La. C.C. art. 2531. On the other hand, while a buyer may sue a manufacturer directly for redhibitory defects, the manufacturer is liable but only for defects 'resulting from the original manufacture' of the product."

*Aucoin v. Southern Quality Homes, LLC*, 07-1014 (La. 2/26/08), 984 So. 2d 685, 693 (*quoting, Rey v. Cuccia*, 298 So. 2d 840, 845 (La. 1974). In *Aucoin*, the supreme court recognized that its prior decisions holding manufacturers solidarily liable with sellers in redhibition did <u>not</u> hold manufacturers "liable for defects caused by the seller." *Id.* at fn. 13.

Therefore, and contrary to what FAE asserts, claims by manufacturers for indemnity or contribution from sellers are <u>not</u> "clearly allowed by Louisiana law" in redhibition cases. Such claims would first require that the manufacturer be liable to the plaintiff for all or part of damages that the <u>seller</u> caused. But as the *Aucoin* decision shows, FAE cannot be liable for "defects caused by" Doggett Machinery. *Id.* Nor can FAE be liable for damages caused by negligent repairs, if any, by Doggett Machinery, for as FAE recognizes (and as Doggett Machinery agrees), "if [Doggett Machinery's] repairs or modifications aggravated the defect or causes more damages, Doggett would be liable [for that aggravation or additional damage] rather than the FAE entities." *See* FAE's memorandum at p. 7.[4]

Indeed, <u>FAE's memorandum cites no case in which a Louisiana court has allowed a manufacturer to recover indemnity or contribution from a seller in a redhibition case</u>. Although the *Robert* case – on which FAE relies primarily, *see* FAE's memorandum at p. 6 – suggested in *dicta* that a seller and manufacturer "each may seek contribution," the decision merely affirmed the seller's right to indemnity from the manufacturer; it did not award the manufacturer indemnity from the seller. *Robert v. Bayou Bernard Marine, Inc.*, 514 So. 2d 540, 547-48 (La. App. 3d Cir.), *writ denied*, 515 So. 2d 1107 (La. 1987). Nor did any of the cases that the *Robert* court cited award a manufacturer indemnity from a seller: *LeFrance v. Abraham Lincoln Mercury, Inc.*, 462 So. 2d 1291, 1294 (La. App. 5th Cir. 1985), instead denied the seller's claim

---

[4] It is precisely because of this that Doggett Machinery has not asserted a cross-claim against FAE in connection with plaintiff's "negligent repair" claim.

for indemnity from the manufacturer; *Cox v. Lanier Business Products, Inc.*, 423 So. 2d 690, 694 (La. App. 1st Cir. 1982), *writ denied*, 429 So. 2d 129 (La. 1983), awarded the seller indemnity from the manufacturer; *Lehn v. Clearview Dodge Sales, Inc.*, 400 So. 2d 317, 321-22 (La. App. 4th Cir. 1981), denied the manufacturer's claim for indemnity from the seller; *Perrin v. Read Imports, Inc.*, 359 So. 2d 738, 741 (La. App. 4th Cir. 1978), although holding that a seller cannot recover indemnity from a manufacturer for its "own fault," determined that "this is not such a case"; *Landry v. Nobility Homes, Inc.*, 488 So. 2d 726, 734, affirmed the seller's recovery of indemnity from the manufacturer; and in *Lokey v. Dixie Buick, Inc.*, 400 So. 2d 322 (La. App. 4th Cir. 322, 328-329 (La. App. 4th Cir. 1981), the court approved an allocation of fault between the seller and manufacturer, such that each would ultimately be liable only for redhibitory defects of its own making.

What all these cases establish is simply what Doggett Machinery has maintained all along: in redhibition cases, (1) a "good faith" seller – although it may be solidarily liable with an "upstream seller" for defects that originated "upstream" – may claim indemnity from the "upstream seller"; (2) an "upstream seller" can be liable only for defects that originated "upstream"; and (3) because an "upstream seller" can never be liable for defects that originated "downstream," it can never be in a position entitling it to claim indemnity or contribution from a "downstream seller."

## CONCLUSION

Doggett Machinery is not, as FAE seems to suspect, seeking to "escape liability if its own actions caused or exacerbated the alleged redhibitory defect," *see* FAE's memorandum at p. 7. Doggett Machinery readily admits that it would be liable for – and not entitled to indemnity from FAE for – redhibitory defects, if any, that Doggett Machinery caused, *i.e.*, redhibitory defects

that existed only at the time of Doggett's sale of the mulchers to plaintiff and not at the time of FAE USA's delivery of the mulchers to Doggett or at the time of FAE Group's manufacture of the machines. Likewise, Doggett Machinery readily admits that it would be liable for damages caused by "negligent repairs," if any, that Doggett performed. Neither of those issues is what Doggett Machinery's 12(b)(6) motion is about.

Instead, the issue is much simpler: given that by law, FAE cannot be liable to plaintiff for damages caused by negligent repairs that it did not perform or for redhibitory defects that it did not deliver, can FAE claim indemnity or contribution from Doggett Machinery? The answer is no. Again, therefore, Doggett Machinery requests that the Court grant its 12(b)(6) motion and dismiss FAE's cross-claim (Doc. 30), with prejudice and at FAE's cost.

Respectfully Submitted,

/s/ *Cara E. Hall*_____
DEIRDRE C. McGLINCHEY, T.A. (24167)
dmcglinchey@mcglinchey.com
BRENT HICKS (23778)
bhicks@mcglinchey.com
CARA E. HALL (31378)
cehall@mcglinchey.com
McGlinchey Stafford, PLLC
1811 Tower Drive, Suite A
Monroe, Louisiana 71201
Telephone (318) 651-0807
Facsimile (318) 651-0809
ATTORNEYS FOR DEFENDANT,
W.L. DOGGETT, L.L.C. d/b/a DOGGETT
MACHINERY SERVICES

## **CERTIFICATE OF SERVICE**

In accordance with the Western District of Louisiana's electronic filing procedures, I hereby certify that on this 8th day of October, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to email notification and electronic service. This document is available for viewing and downloading from the Court's ECF system.

/s/ Cara E. Hall
CARA E. HALL